# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CAROLINA BRAGG, JUAN PEROZO,
BORISLAVA RAYNOVA,
CATHERINE THRONEBURG, and
IVAN MILLAN,

    Plaintiffs,                                  CASE NO.: 2022-CA-000163-O

vs.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, **CAROLINA BRAGG** ("Plaintiff Bragg"), **JUAN PEROZO** ("Plaintiff Perozo"), **BORISLAVA RAYNOVA** ("Plaintiff Raynova"), **CATHERINE THRONEBURG** ("Plaintiff Throneburg"), and IVAN MILLAN ("Plaintiff Millan"), by and through their undersigned counsel, and hereby sue Defendant, **MARRIOTT INTERNATIONAL, INC.** (hereinafter "Defendant Marriot") and allege as follows:

### NATURE OF ACTION

1. This is a civil action for damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), the Florida Minimum Wage Act as implemented by Section 24, Article X of the Florida Constitution and Section 448.110 of the Florida Statutes (2022), Florida's Whistle Blower Act, and, in the alternative, unpaid wages under Florida Common Law and § 448.08 of the Florida Statutes (2022).

### JURISDICTION AND VENUE

2. This is a claim for damages in excess of $30,000.00, exclusive of interest, attorney's fees, and costs.

3. Jurisdiction is conferred upon this Court under 29 U.S.C. Section 216(b), and Sections 26.012(2)(a) and 34.01(1)(c)2, *Florida Statutes* (2022).

4. The venue of this Court over this controversy is proper pursuant to § 47.051, *Florida Statutes* (2022) because Orange County, Florida is where the cause of action accrued.

## THE PARTIES

5. Plaintiff Bragg is an individual residing in Florida who was engaged in commerce or the production of goods for commerce as defined by the FLSA through her employment with Defendant Marriott.

6. Plaintiff Perozo is an individual residing Florida who was engaged in commerce or the production of goods for commerce as defined by the FLSA through his employment with Defendant Marriott.

7. Plaintiff Raynova is an individual residing in Florida who was engaged in commerce or the production of goods for commerce as defined by the FLSA through her employment with Defendant Marriott.

8. Plaintiff Throneburg is an individual residing in Florida who was engaged in commerce or the production of goods for commerce as defined by the FLSA through her employment with Defendant Marriott.

9. Plaintiff Millan is an individual residing Florida who was engaged in commerce or the production of goods for commerce as defined by the FLSA through his employment with Defendant Marriott.

10. Defendant Marriott is a Foreign Profit Corporation with its principal address in Bethesda, Maryland and doing business in Orlando, Orange County, Florida as the Orlando World Center Marriott Resort & Convention Center ("the Hotel"). Defendant Marriott is an enterprise

engaged in commerce and/or in the production of goods for commerce and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and has at least $500,000.00 of annual gross volume of sales made or business done during times relevant to this action and was Plaintiffs' employer as that term is defined under the FLSA and relevant Florida law.

## FACTUAL ALLEGATIONS

11. Plaintiffs are former employees of Defendant Marriott as that term is defined under the FLSA and relevant Florida law.

12. During at least a portion of their employment with Defendant Marriott at the Hotel, Plaintiffs worked in the Lobby Lounge as either Cocktail Servers or Bartenders.

13. In doing so, they sold and served food and beverages to guests of the Hotel and provided related services.

14. During times relevant to this action, the food products included sushi items.

15. The sushi items were prepared in the back of the house kitchen by Sushi Chefs and then brought to the Lobby Lounge to be sold and served by the Plaintiffs to Hotel guests.

16. Plaintiffs were tipped employees as that term is defined under <u>29 U.S.C. Section 203(t)</u> during times relevant to this action. In that regard, they were engaged in an occupation in which they customarily and regularly receive more than $30.00 per month in tips.

17. Defendant Marriott afforded itself a tip credit under 29 U.S.C. Section 203(m)(2)(A)(ii) when compensating Plaintiffs their minimum wage.

18. Under the FLSA, an employer may only afford itself a tip credit when compensating Plaintiffs their minimum wage if the employees are allowed to keep 100% of their tips. 29 U.S.C. Section 203(m)(2)(B).

3

19. Under the FLSA, if an employer requires the employee to share its tips with another employee that other employee must be one who meets the definition of a tipped employee. Case law has expanded the statutory definition of a tipped employee by holding that it is someone who has more than a *de minimis* interaction with customers and performs important customer service functions.

20. On or about June 8, 2019, Defendant Marriott implemented a mandatory policy requiring Plaintiffs to "tip out" the Sushi Chefs a minimum of 5% of their Sushi sales each night that they worked.

21. However, the FLSA limits tip pooling to employees that meet the definition of a tipped employee under the FLSA and related case law.

22. The Sushi Chefs did not meet the definition of a tipped employee under the FLSA and related case law.

23. Aside from any unlawful tip outs from the Plaintiffs, the Sushi Chefs did not customarily and regularly receive tips amounting to more than $30.00 per month.

24. The Sushi Chefs did not have more than a *de minimis* interaction with customers.

25. The Sushi Chefs did not perform important customer service functions.

26. There were no stools where customers could be served directly by the Sushi Cooks.

27. If a customer approached the Sushi Chef in an attempt to place an order with him/her, the Sushi Chef would direct the customer to one of the Plaintiffs to take the customer's order. It was the Plaintiffs, and not the Sushi Chef, who would serve the sushi to the customer, record the transaction, and assist with clearing the customer's table.

28. The Sushi Chefs had no method of recording any transaction of any sale of sushi items to customers.

29. Accordingly, requiring the Plaintiffs to tip out the Sushi Chefs violated the FLSA and caused Plaintiffs to incur damages.

30. Plaintiff Bragg objected to Defendant Marriott's intended tip policy with respect to the Sushi Chefs as early as January 10, 2019 and January 13, 2019 when its implementation was first discussed with the Plaintiffs. This objection was placed with Manager David Lieberman. Defendant Marriott was on notice as of September 20, 2021 that Plaintiff Bragg intended to seek legal counsel to recover the wages lost due to Defendant Marriott's unlawful pay practices alleged herein.[1] In further attempts to object to the subject tip policy, on October 4, 2021, even though the policy had been retracted by Defendant Marriott, Plaintiff Bragg complained to Director of Human Resources Raquel Webb, Food and Beverage Director Jules Nevers, and Lounge Manager Aaliyah Bryson about numerous pay practices, including the subject Sushi Chef policy, and asked them to meet with her to discuss such issues and provide her with a report showing how much of her tips went to the Sushi Chefs since the program began. The meeting took place on October 8, 2021 but was not productive. Further, Defendant Marriott refused to provide Plaintiff Bragg with any of the tip records she requested.

31. On December 3, 2021, Defendant Marriott suspended Plaintiff Bragg for pretextual reasons. On December 14, 2021, Defendant Marriott terminated Plaintiff Bragg for the same pretextual reasons. The real reason for Plaintiff Bragg's suspension and termination was in retaliation for her objections to Defendant Marriott's unlawful pay practices alleged herein.

32. Plaintiff Millan also objected to Defendant Marriott's intended tip policy with respect to the Sushi Chefs as early as January 10, 2019 and January 13, 2019 when its

---

[1] The notice of Plaintiff Bragg's intent to seek legal counsel for the violations alleged herein was conveyed to Defendant Marriott through a pre-suit demand letter on behalf of former employee Ivan Millan. Mr. Millan was also suspended and terminated for the same pretextual reasons.

5

implementation was first discussed with the Plaintiffs. Defendant Marriott was further on notice as of September 20, 2021 that Plaintiff Millan intended to seek legal counsel to recover the wages lost due to Defendant Marriott's unlawful pay practices alleged herein when Defendant Marriott received a formal pre-suit demand letter pursuant to the Florida Minimum Wage Act.

33. On December 3, 2021, Defendant Marriott suspended Plaintiff Millan for pretextual reasons. Importantly, on December 5, 2021, prior to being terminated, Plaintiff Millan complained in writing to Food and Beverage Director Jules Nevers, Lounge Manager Aaliyah Bryson, and Director of Human Resources Raquel Webb that he believed that his suspension was in retaliation for complaining about the unlawful tip pool. Plaintiff Millan reiterated those concerns to Senior Director of Human Resources Jean Lauriston and Raquel Webb on December 7, 2021.

34. On December 14, 2021, Defendant Marriott terminated Plaintiff Millan for the same pretextual reasons as Plaintiff Bragg. The real reason for Plaintiff Millan's suspension and termination was in retaliation for his objections to Defendant Marriott's unlawful pay practices alleged herein.

35. Defendants Marriott's unlawful acts and omissions alleged herein were willful.

36. Through the conduct alleged herein, Defendant Marriott has failed to act in good faith with respect to Plaintiffs.

37. The relevant time periods for Plaintiffs' claims are from June 8, 2019 to March 23, 2020 and from March 2021 through July 9, 2021. During the times in-between these dates, the Hotel was either closed due to the COVID outbreak or no Sushi was offered for sale.

38. All conditions precedent to bringing this action have been met by Plaintiffs or waived by Defendant Marriott.

39. Plaintiffs have been required to retain legal counsel to resolve this dispute and have retained Bogin, Munns & Munns, P.A. for that purpose and has agreed to pay them a reasonable fee for their services.

40. Plaintiffs are entitled to seek reimbursement for any attorneys' fees and costs incurred in prosecuting this action pursuant to the FLSA, the Florida Minimum Wage Act as implemented by Section 24, Article X of the Florida Constitution and Section 448.110 of the Florida Statutes (2021), Florida's Whistle Blower Act, and § 448.08 of the Florida Statutes (2022).

**COUNT I**
**Violation of the Tip Pooling Provisions under the Fair Labor Standards Act**
**(Brought by all Plaintiffs)**

41. Plaintiffs incorporate by reference all allegations contained in paragraphs 1-40, *supra*.

42. In violation of the FLSA, Plaintiffs were subjected to an unlawful tip pooling arrangement that required them to share tips with employees who did not meet the definition of a tipped employee.

43. As a result of this unlawful tip pooling arrangement, Defendant Marriott was not entitled to take a tip credit against its minimum wage obligations. As such, Plaintiffs are entitled to recover from Defendant Marriott the balance of the full minimum wage for all hours during which they were subject to this unlawful tip pooling policy and practice.

44. Plaintiffs are also entitled to recover their respective share of the tips paid out to the Sushi Chefs.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendant Marriott for the following relief:

7

a).     the balance of the full minimum wage for all hours during which they were subject to this unlawful tip pooling policy and practice;

b).     the tips paid out to the Sushi Chefs;

c).     an equal amount as liquidated damages;

d).     the costs of this action;

e).     a reasonable attorneys' fee; and

f)      any other relief this Court seems just and proper.

## COUNT II
## Florida Minimum Wage Act
## (Brought by all Plaintiffs)

45.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1-40, *supra*.

46.     This is an action to enforce and obtain relief under Florida's minimum wage provisions, namely Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, *Fla. Stat*. (2022).

47.     Pursuant to Article 10, Section 24 of the Florida Constitution and the Florida Minimum Wage Act set forth in § 448.110, *Fla. Stat*., payment of an hourly wage less than the minimum per hour for Florida is unlawful.

48.     During the stated times relevant to this action, Plaintiffs have been paid less per hour than the required Florida per hour minimum wage due to Defendant Marriott's improper use of a tip credit.

49.     Defendant Marriott therefore owes Plaintiffs the difference between the total amount of hourly wages actually paid to Plaintiffs during the period in question and the amount Defendant Marriott should have paid for that period pursuant to the minimum wage provisions.

50. Despite Plaintiffs' demands, Defendant Marriott has refused and continues to refuse to pay Plaintiffs the amount owed to them.

51. Plaintiffs have previously provided Defendant Marriott with written notices of an intent to initiate an action on behalf of each Plaintiff to enforce the above-cited minimum wage provisions. These notices identified the minimum wage to which each Plaintiff claims entitlement, the estimated work dates and hours for which payment is sought, and the total amount of unpaid wages through the date of the notice.

52. More than fifteen (15) calendar days have passed since Defendant Marriott received these notices, and Defendant Marriott has neither paid the total amount of unpaid wages nor otherwise resolved the claim to the satisfaction of Plaintiffs.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendant Marriott for the following relief:

a). the balance of the full minimum wage for all hours during which Plaintiffs' full minimum wage was unlawfully withheld;

b). an equal amount as liquidated damages;

c). the costs of this action;

d). a reasonable attorneys' fee; and

e) any other relief this Court seems just and proper.

### COUNT III RETALIATION
### Violation of the Retaliation Provisions under the Fair Labor Standards Act
### (Brought by Plaintiffs Bragg and Millan)

53. Plaintiffs Bragg and Millan incorporate by reference all allegations contained in paragraphs 1-40, *supra*.

54. Plaintiffs Bragg and Millan repeatedly complained to Defendant Marriott about what they reasonably believed to be Defendant Marriott's unlawful violations of the tip pooling provisions of the FLSA.

55. In retaliation for Plaintiffs Bragg and Millan's statutorily protected activity, Defendant Marriott terminated first suspended, and then terminated their employment.

56. Defendant Marriott's actions against Plaintiffs Bragg and Millan constitute unlawful retaliation in violation of the Fair Labor Standards Act. The aforementioned acts of Defendant Marriott were willful, wanton, and committed with reckless indifference to Plaintiffs Bragg and Millan's rights under the Fair Labor Standards Act.

57. As a direct and proximate result of Defendant Marriott's acts, Plaintiffs Bragg and Millan have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs Bragg and Millan demand judgment against Defendant Marriott for the following:

a). Reinstatement of their employment and any related benefits;

b). Lost wages, including lost fringe benefits, which resulted from the unlawful retaliation;

c). An additional equal amount as liquidated damages;

d). Prejudgment interest in the event liquidated damages are not awarded;

e). Costs, including a reasonable attorney's fee;

f). Prejudgment interest;

g). Such other relief as the Court deems just and equitable.

**COUNT IV RETALIATION**
**Violation of the Florida Minimum Wage Act**
**(Brought by Plaintiffs Bragg and Millan)**

58. Plaintiffs Bragg and Millan incorporate by reference all allegations contained in paragraphs 1-36, *supra*.

59. Plaintiffs Bragg and Millan repeatedly complained to Defendant Marriott about what they reasonably believed to be Defendant Marriott's unlawful pay practices that resulted in lost wages to them, including proper compensation of Florida's minimum wage.

60. In retaliation for Plaintiffs Bragg and Millan's statutorily protected activity, Defendant Marriott first suspended, and then terminated Plaintiffs Bragg and Millan's employment.

61. Defendant Marriott's actions against Plaintiffs Bragg and Millan constitute unlawful retaliation in violation of the Florida Minimum Wage Act. The aforementioned acts of Defendant Marriott were willful, wanton, and committed with reckless indifference to Plaintiffs Bragg and Millan's rights under the Florida Minimum Wage Act.

62. As a direct and proximate result of Defendant Marriott's acts, Plaintiffs Bragg and Millan have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs Bragg and Millan demand judgment against Defendant Marriott for the following:

    a). Reinstatement of their employment and any related benefits;

    b). Lost wages, including lost fringe benefits, which resulted from the unlawful retaliation;

    c). An additional equal amount as liquidated damages;

    d). Prejudgment interest in the event liquidated damages are not awarded;

    e).    Costs, including a reasonable attorney's fee;

    f).    Prejudgment interest;

    g).    Such other relief as the Court deems just and equitable.

**COUNT V**
**Florida's Whistle Blower Act**
**(Brought by Plaintiffs Bragg and Millan)**

63.    Plaintiffs Bragg and Millan incorporate by reference all allegations contained in paragraphs 1-40, *supra*.

64.    During their employment, Plaintiffs Bragg and Millan objected to what they reasonably believed to be unlawful pay practices and policies by Defendant Marriott.

65.    Defendant Marriott took adverse action against Plaintiffs Bragg and Millan in retaliation for their objections to the activities, policies, and/or practices of Defendant Marriott that they reasonably believed to be violations of various laws, rules, and/or regulations. The specific retaliatory personnel action at issue is Plaintiffs Bragg and Millan's suspension and termination from their employment.

66.    As a result of Plaintiff Bragg and Millan's unlawful retaliatory termination, they have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs Bragg and Millan demand judgment against Defendant Marriott for the following:

    a).    Reinstatement of their employment and any related benefits;

    b.)    Lost wages, including lost fringe benefits, which resulted from the unlawful retaliation;

    c).    Any other compensatory damages allowable at law, including those for emotional distress;

    d).     Costs, including a reasonable attorney's fee;

    e).     Prejudgment interest;

    f).     Such other relief as the Court deems just and equitable.

**COUNT VI WAGES OWED**
**Florida Common Law and Section 448.08, Fla. Stat.**
**(Brought by all Plaintiffs)**

67. Plaintiffs incorporate by reference all allegations contained in paragraphs 1-40, *supra*.

68. This is an action brought pursuant to Florida Common Law as a Breach of Oral Contract claim.

69. Defendant Marriott failed to pay Plaintiffs wages due to them. This constitutes unpaid wages under Florida common law and Chapter 448.08, Florida Statutes (2022).

70. Pursuant to Chapter 448.08, Florida Statutes (2022), Plaintiffs are entitled to an award of their reasonable attorney fees upon prevailing in this action.

WHEREFORE, Plaintiffs demand judgment against Defendant Marriott for damages in the form of wages owed, prejudgment interest, together with costs of suit and a reasonable attorney's fee, along with any such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues herein triable by jury.

Dated: January 12, 2022

                                                Respectfully submitted,

                                                */s/ John W. Bolanovich*
                                                John W. Bolanovich
                                                Fla. Bar No. 143707
                                                Bogin, Munns & Munns, P.A.
                                                1000 Legion Place, Suite 1000
                                                Orlando, FL 32801
                                                (P.O. Box 2807, Orlando, FL 32802)
                                                Telephone: (407) 578-1334

13

                Facsimile: (407) 578-2181
                Primary E-mail: jbolanovich@boginmunns.com
                Secondary E-mail: bmmservice@boginmunns.com
                Alternate E-mail: mgrant@boginmunns.com
                Counsel for Plaintiffs

14